JONES, Circuit Judge,
dissenting.
I respectfully disagree with the majority opinion, which runs counter to Fifth Circuit precedent and adopts a different test for Federal Rule of Civil Procedure 62(f). *307 On its face, the Rule allows for the application of state stay of execution laws where “a judgment is a lien ... under the law of the state where the court is located.” Fed. R.Civ.P. 62(f). This Court first interpreted the “judgment is a lien” language in Castillo v. Montelepre, Inc., 999 F.2d 931 (5th Cir.1993) and held that a judgment debtor could invoke a state stay of execution law where the underlying purpose of the rule was met: the judgment creditor was otherwise afforded sufficient security under state law. Id. at 942. The judgment creditor was afforded sufficient security in this case, given that it would receive a $25 million statutory bond in addition to the opportunity to create a judgment lien. JSW should therefore be allowed to invoke Rule 62(f).
The majority opinion, however, uses a ministerial acts test to determine if “a judgment is a lien,” but does not explain how it relates to this circuit’s case law or why a new test is needed. In my view, Rule 62(f) applies even under the majority’s test, since the creation of a judgment lien in Texas cannot be said to involve more than a ministerial act. Therefore, under either test, JSW should be given the benefit of Texas law to which it is entitled under the Federal Rules of Civil Procedure.
A. Fifth Circuit Precedent Calls for the Application of Rule 62(f)
This Court has already determined Rule 62(f) is applicable where a judgment creditor is otherwise afforded sufficient security under state law. In Castillo, the court determined that the judgment creditors were afforded sufficient security even though state stay of execution rules — applied through Rule 62(f) — completely exempted the Fund from paying an appeal bond. Sufficient security was a statutory obligation to pay judgments from the Fund. Id. But sufficient security need not be a source of money equal to the dollar amount of the underlying judgment. Id. The court noted that in the event the Fund’s assets were less than the value of the unpaid judgments, each judgment creditor would get a pro-rata share of what was left of the Fund. Id. Here, MM Steel would benefit from a $25 million dollar bond under the Texas statute in addition to whatever value might be derived from creating a judgment lien through a judgment abstract. The Texas legislature has considered $25 million to be enough security to cap appeal bonds at that amount. Tex. Civ. Prac. & Rem.Code Ann. § 52.006(b). The Federal Rules of Civil Procedure allow judgment debtors to use state laws that completely exempt them from the need to post bond based on a 'judgment lien alone. Fed.R.Civ.P. 62(f). A combination of both is surely sufficient security for MM Steel.
B. Though Irreconcilable with Fifth Circuit Precedent, the Majority’s Ministerial Acts Test Still Entitles JSW to State Law
The First Circuit’s ministerial acts test employed by the majority is irreconcilable with Castillo. The majority purports to examine the number of steps the judgment creditor must take to secure a lien and the likelihood of the creditor’s success in doing so. Castillo, however, renders this line of inquiry irrelevant. The judgment creditor in Castillo did not just face a difficult lien process, but a complete impossibility. Castillo, 999 F.2d at 942. The type of property owned by the judgment debtor was not subject to a judgment lien in Louisiana. Id. Yet the court still held Rule 62(f) applicable. Id.
Even if the ministerial act test applies, JSW should be entitled to Texas superse-deas law under Rule 62(f). The majority overstates the difficulty of filing an abstract of judgment. An abstract of judgment document is not a voluminous stack *308 of papers. It is a single page with a few simple fields, like names and addresses of the parties. Abstract of Judgment Form, United States District Court, Southern District of Texas, available at http://www. txs.uscourts.gov/district/formsfees/ abstjdmi.pdf. The fact that the process involves opportunities for creditors to make mistakes should not automatically mean the process is not “ministerial.” Even a process that simply required a government employee to stamp the judgment could be mishandled if the creditor submits the wrong judgment. Any competent attorney who has just won a judgment ought to be able to complete an abstract with ease. The forms for Texas abstracts of judgment are readily available on the internet. Correcting a mistake in fact could not take more than a few moments. Even if a county employee may reject the filing of an abstract for technical omissions — such as minor defects in the names of the parties — this only underscores the ministerial nature of the process; there is no room for discretion. Curiously, the majority’s final reason that the process is overly difficult and uncertain for the judgment creditor posits that the debtor could defeat the lien by posting a supersedeas bond. Tex. Prop.Code Ann. § 52.0011. In such a situation, however, the debtor that pays for a supersedeas bond will' not be invoking rule 62(f). Ultimately, the judgment lien process in Texas entails filling out a simple form and recording it with a government employee. Preparing and recording the lien are therefore mere ministerial acts. JSW should be entitled to avail itself of Texas law under Rule 62(f).
I respectfully dissent.